# Brautegan *v.* Wilson, Appellant.

*Real property—Encroachment—Ejectment—Evidence.*

In an action of ejectment for the recovery of a strip of ground fronting for a distance of six and three-eighths inches on a borough street and extending in depth a distance of one hundred feet,

where there was expert testimony of two engineers that defendant's building encroached three quarters of an inch on plaintiff's lot, a verdict and judgment for plaintiff for a strip of land three quarters of an inch in width at the front of the lot, and extending to the rear line of defendant's building was justified by the evidence.

Argued Sept. 30, 1915.   Appeal, No. 173, Oct. T., 1915, by defendant, from judgment of C. P. Westmoreland Co., Aug. T., 1914, No. 805, on verdict for plaintiff in case of Amelia Brautegan and Adam Brautegan, for the use of his wife, Amelia Brautegan, v. Arthur R. Wilson. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Ejectment for the recovery of a strip of ground claimed by plaintiff and occupied by buildings of defendant.   Before DOTY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for "three quarters of an inch of land at front of Donner avenue running at right angles along disputed line a distance of 100 feet with six cents damages and costs."   Defendant appealed.

*Error assigned* was in refusing to direct a verdict for defendant.

*John E. Kunkle,* with him *Christ E. Walthour* and *J. Harry Pershing,* for appellant.

*A. M. Wyant,* with him *John B. Keenan* and *Edward E. Robbins,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

Amelia Brautegan and her husband brought this action of ejectment for the use of the wife, against the defendant to recover possession of a strip of ground fronting for a distance of six and three-eighths inches in width on Donner avenue in the Borough of Monessen, and extending in depth a distance of one hundred feet.

Plaintiff and defendant own adjoining lots, each having a frontage, according to their deeds, of 22.4 feet, and a depth of one hundred feet. The source of title is the same in each case, being the East Side Land Company, which originally laid out the lots. Plaintiff's lot is vacant, but upon defendant's lot is erected a three story brick building, which according to plaintiff's claim encroached upon her lot for a distance of six and three-eighths inches. Upon the trial it appeared from the evidence that while defendant's building, by reason of the bulging of the wall, overhung plaintiff's lot to the extent of some inches, yet at the surface of the ground the building extended over the line only three-quarters of an inch. The trial judge instructed the jury that recovery must be limited to a strip of ground of that width, and that the uncontradicted evidence showed that plaintiff was entitled to recover that much. The correctness of this instruction is the only question raised by this appeal. It is contended on behalf of appellant that there was no evidence to support a verdict for any part of the disputed ground, and that a verdict should have been directed for defendant. An examination of the record shows that Alfred Phillips, an engineer and surveyor, testified in support of plaintiff's claim, that at the front of defendant's building, at the foundation, it extended three-quarters of an inch over on plaintiff's lot. He also said that the foundation of defendant's building was an inch and a half wider than the lot, and he further stated that the encroachment of the building on plaintiff's lot was three-quarters of an inch at the foundation at the bottom. This witness also identified a plan, which was made by him, and was offered in evidence as Exhibit No. 1, showing the encroachment upon plaintiff's lot. The witness stated that the building encroached three-quarters of an inch at the street line, and the plan shows that the overlap increased in width all the way back to the rear line of the building. Another witness, J. F. Irwin, an engineer, who aided in making a survey of the lots,

testified that according to measurements, which he took, "The Wilson building at the base encroaches on the Brautegan lot about three-quarters of an inch, six-tenths to be exact." This testimony was corroborated by that of another engineer, Mr. S. M. Carter. This evidence was uncontradicted, and it was sufficient to sustain the verdict of the jury, which was in favor of the plaintiff, for a strip of ground three-quarters of an inch in width, at the front of the lot, and extending to the rear line of defendant's building. It is true that plaintiff's proof, as to the measurement at the base of defendant's wall, was not as clear and complete as it might have been, for the reason no doubt that her counsel presented her case upon the theory that she had the right to recover for the distance by which the wall of defendant's building overhung her ground. The evidence was directed, for the most part, towards establishing the extent of the overhang of the wall at a point a number of feet above the surface of the ground, and the necessity of clear and definite proof of the extent of the encroachment at the surface was apparently overlooked. However, the evidence, as above noted, was sufficient to take the question to the jury, and to sustain the verdict which was rendered. That being the only question here involved the assignment of error is overruled, and the judgment is affirmed.